# EXHIBIT 1

1/12/2021 2:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49632342
By: Cecilia Thayer
Filed: 1/12/2021 2:36 PM

CAUSE NO. _____

| | | |
|---|---|---|
| GEORGE BALSER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| HARBOR FREIGHT TOOLS TEXAS, LLP; and HARBOR FREIGHT TOOLS USA, INC. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GEORGE BALSER, hereby becoming Plaintiff in the above-entitled and numbered cause, complaining of HARBOR FREIGHT TOOLS TEXAS, LLP and HARBOR FREIGHT TOOLS USA, INC. Defendants, and for cause of action would respectfully show the Court the following:

**DISCOVERY LEVEL**

1. Plaintiff intends to conduct discovery pursuant to Rule 190 of the Texas Rules of Civil Procedure, Level Three (3).

**PARTIES**

2. Plaintiff is an individual residing in Harris County, Texas.

3. Defendant HARBOR FREIGHT TOOLS TEXAS, LLP is a limited liability partnership with its principal place of business in this state in Harris County, Texas. Defendant may be served by serving its registered agent for service of process, Corporation Service Company d/b/a CSC Lawyers Incorporating Service, at its registered office, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant HARBOR FREIGHT TOOLS USA, INC. is a foreign corporation with its principal place of business in this state in Harris County, Texas. Defendant may be served by

serving its registered agent for service of process, Corporate Creations Network, Inc., at its registered office, 5444 Westheimer #1000, Houston, Texas 77056.

## MISNOMER / ALTER EGO

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## VENUE

6. Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1), because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

## JURISDICTION

7. This Court has subject matter jurisdiction over this controversy because the damages sought are within the jurisdictional limits of this Court.

## BACKGROUND FACTS

8. On or about January 31, 2019, Plaintiff was using a nail gun in Harris County, Texas. The nail gun was manufactured and/or marketed by Defendants. The nail gun jammed and while inspecting the jam the nail gun fired and hit Plaintiff in the eye, seriously injuring Plaintiff.

9. As a consequence of the failure of Defendants' product, Plaintiff was caused to suffer severe and disabling injuries by Defendants, including hospitalizations, medical treatments, and other necessary treatments, and will certainly require treatments and medical attention in the future. Plaintiff has sustained and will continue to sustain severe physical pain, mental anguish,

2

physical impairment, physical disfigurement, loss of earning capacity, and other injuries and damages for which Plaintiff hereby sues.

## CAUSES OF ACTION AGAINST DEFENDANTS

### I.   STRICT LIABILITY – DESIGN DEFECT

10. Plaintiff herein incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

11. The Defendants were engaged in the business of designing, manufacturing, testing, assembling, planning, engineering, constructing, building, inspecting, marketing, advertising, distributing and/or selling the nail gun that failed and caused Plaintiff's injury. The nail gun was designed and sold for use by members of the general public such as Plaintiff.

12. The subject nail gun was defectively designed, manufactured, promoted, tested, assembled, planned, engineered, constructed, built, inspected, marketed, distributed, and/or sold. The subject nail gun was in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce.

13. Furthermore, the defective condition rendered the subject nail gun unreasonably dangerous to users, consumers, and specifically, Plaintiff.

14. The subject nail gun and its relevant components were not changed or altered in any material respect from the time that they were manufactured and sold by Defendants to the time and place of Plaintiff's injury and the nail gun was in substantially the same condition at the time of Plaintiff's injury as when it left Defendants' possession and control.

15. At the time and place of the foreseeable incident, and of distribution and sale by the Defendants, the subject nail gun was defective and unreasonably dangerous for its intended use.

16. From the point of manufacture, the subject nail gun was unreasonably dangerous for its intended use because of the flaws and/or defects in its design. Appropriate design and testing of the nail gun technologically and economically feasible at the time that the nail gun was designed and manufactured. Further, there was a safer alternative design that, in reasonable probability, (1) would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the product's utility and, (2) was economically and technologically feasible though the application of existing or reasonably achievable scientific knowledge at the time the nail gun left the control of Defendants.

17. At all times material hereto, the unreasonably dangerous nature of the defects created a high probability that the subject nail gun would cause severe and permanent personal injuries to the ultimate user if the nail gun failed and caused the user to become injured. Defendants knew that members of the general public would purchase and use the nail gun without inspection and/or discovery of the defective and unreasonably dangerous condition of the nail gun. The defects in the nail gun were not known to Plaintiff.

18. As a direct, producing, and proximate result of the defects in the subject nail gun, which was designed, manufactured, promoted, tested, assembled, planned, engineered, constructed, built, inspected, marketed, distributed, and/or sold by Defendants, Plaintiff suffered injuries and damages alleged herein.

19. To the extent Defendants attempt to rely on any standards or regulation of the Federal Government, such standards or regulation were minimum standards that were inadequate to protect against the risk of damages and/or injuries that occurred in this case.

## II.    STRICT LIABILITY – MANUFACTURING DEFECT

20. Plaintiff herein incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

21. In addition to the allegations above, Plaintiff brings this products liability action against Defendants for manufacturing defects. At the time the subject nail gun left the Defendants' hands, there was a deviation from the design that rendered the subject nail gun unreasonably dangerous. The manufacturing defects in the nail gun subjected Plaintiff and others to risks, including the risk of the nail gun collapsing during normal expected use and/or foreseeable use of the nail gun. The defects, as noted above, existed at the time the nail gun left Defendant's hands, and the defects were the producing cause of Plaintiff's injuries and damages.

## III.    STRICT LIABILITY – MARKETING DEFECT/FAILURE TO WARN

22. Plaintiff herein incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

23. In addition to the allegations above, Plaintiff brings this products liability action against Defendants for marketing defects. With regard to the defects in the subject nail gun, there was a substantial risk of harm that was inherent in the nail gun or that would foreseeably arise from the intended or reasonably anticipated use of the nail gun. Defendants knew or should have known of the risk of harm created by the defects in the nail gun, as discussed above. Defendants did not provide adequate warnings or instructions regarding the defects, which rendered the nail gun unreasonably dangerous to the ultimate users and consumers, including Plaintiff. Defendants' failure to adequately warn and/or instruct regarding the defects was a direct, producing, and proximate cause of Plaintiff's injuries and damages. The dangers and defects of the subject nail

5

gun were known by Defendants at the time the product was originally placed in the stream of commerce and sold.

24.     Defendants knew or should have known of the defective nature of and dangers associated with the subject nail gun.  Despite this knowledge, Defendants continued to manufacture, sell, distribute, promote, and supply the nail gun so as to maximize sales and profits at the expense of the public's health and safety.  Defendants' conduct was done in conscious disregard of the foreseeable harm caused by the subject nail gun and in conscious disregard for the rights and safety of consumers such as Plaintiff.  At all times material hereto, the subject nail gun was defective, and Defendants knew that it was to be used by the user without inspection for defects therein.  Plaintiff neither knew nor had reason to know at the time of the use of the subject nail gun of the existence of the aforementioned defects.  Furthermore, Plaintiff could not have discovered the defects in the subject nail gun through the exercise of reasonable care.

## IV.    NEGLIGENCE

25.     Plaintiff herein incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

26.     Defendants owed a duty to the general public and to Plaintiff in particular, to exercise reasonable care for the safety of Plaintiff and ultimate users of the subject nail gun. Defendants had a duty to exercise reasonable care in the design, manufacture, testing, inspection, labeling, and sale of the subject nail gun to ensure that it could be safely used in a manner and for a purpose for which it was made.

27.     It was reasonably foreseeable that Plaintiff, a foreseeable user of subject nail gun that was designed, manufactured, distributed, and sold by Defendants, could be injured if

Defendants did not exercise reasonable care in the design, manufacture, distribution, marketing, and sale of the nail gun.

28. At all times material hereto, Defendants breached its duty to Plaintiff in that Defendants negligently designed, planned, engineered, constructed, built, inspected, tested, manufactured, assembled, advertised, marketed, and/or sold the subject nail gun, and failed to include necessary safety features that would prevent the nail gun from collapsing during normal, foreseeable use.

29. Defendants was negligent in that the subject nail gun was carelessly, maliciously, and/or recklessly designed, manufactured, assembled, supplied, and marketed, and was not provided with adequate safety features and warnings about the nail gun's defective nature. Defendants also had a duty to warn, post-sale, of the dangers that the nail gun posed for injury, and Defendants breached this duty of post-sale warning by failing to adequately inform and warn users/consumers of this danger. Further, Defendants voluntarily adopted, and through its actions, assumed a duty of post-sale warning, and Defendants negligently failed in this duty.

30. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered injuries and damages alleged herein.

## V.     BREACH OF EXPRESS WARRANTIES

31. Plaintiff herein incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

32. At all times material hereto, Defendants expressly warranted to Plaintiff and the public generally, by and through statements made by Defendants or its authorized agents or sales representatives, orally and in publications, package inserts, and other written materials intended for the general public, that the subject nail gun was safe, effective, fit, and proper for its intended uses.

7

33. In utilizing the nail gun, Plaintiff relied on the skill, judgment, representation, and foregoing express warranties of Defendants. Said warranties and representations were false in that the subject nail gun was not safe and was unfit for the uses for which it was intended. As a direct and proximate result of the foregoing breach of express warranties by Defendants, Plaintiff suffered injuries and damages as alleged herein.

### VI. BREACH OF IMPLIED WARRANTIES

34. Plaintiff herein incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

35. Prior to the time that the nail gun was used by Plaintiff, Defendants impliedly warranted to Plaintiff that the nail gun was of merchantable quality, safe, and fit for the uses for which it was intended. Plaintiff is unskilled in the research, design, and manufacture of the nail gun, and Plaintiff reasonably relied on the skill, judgment, and implied warranty of Defendants in using the nail gun. Defendants knew or should have known that Plaintiff or someone similar to Plaintiff would use the nail gun for the particular purpose Plaintiff was using the nail gun at the time of the nail gun's collapse and Plaintiff's fall.

36. The nail gun was neither safe for its intended purposes nor of merchantable quality, as warranted by Defendants, in that the nail gun had dangerous propensities when put to its intended uses and causes injuries to the user.

37. Defendants, by selling, delivering, and/or distributing the defective nail gun to Plaintiff, breached the implied warranties of merchantability and fitness for a particular purpose and proximately caused Plaintiff to suffer the damages described more fully herein.

## **DAMAGES**

38. Plaintiff herein incorporates by reference all preceding paragraphs and allegations of this Petition as if fully set forth herein.

39. As a direct, producing, and proximate result of the acts, omissions, and unreasonably dangerous product of Defendants, Plaintiff has suffered damages in the past and will, in all reasonable probability, continue to suffer damages in the future in an amount which is within the jurisdictional limits of this court.

40. As a direct, producing, and proximate result of the actions, omissions, and unreasonably dangerous products of the Defendants as set forth above, Plaintiff incurred the following damages:

    1) Past and future medical, hospital, and pharmaceutical charges and expenses;

    2) Past and future physical pain and suffering and mental anguish;

    3) Past and future physical disability and impairment; and

    4) Past and future lost wages and/or lost wage earning capacity.

Plaintiff has suffered damages from Defendants' wrongful conduct described herein. As discussed in this Petition, Plaintiff has suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Both the Constitution of the United States and the Constitution of the State of Texas provide Plaintiff with the inalienable fundamental right to have his case heard and decided by a jury of his peers at trial. In accordance with these fundamental rights it will ultimately be the responsibility and province of a jury of Plaintiffs' peers to decide the economic value of the damages Plaintiffs suffered as a result of Defendants' wrongful actions

and omissions which form the basis of this lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages he is seeking, Plaintiff believes that when the totality of his damages are considered, along with the wrongful nature of Defendants' conduct, it is possible that a jury may ultimately decide that Plaintiff's damages exceed one million dollars. Plaintiff therefore sues for monetary relief in excess of $1,000,000, to be determined by the jury in its sole discretion.

## JURY DEMAND

41. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff demands trial by jury and tenders the jury fee along with this filing.

## RULE 193.7 NOTICE

42. You are hereby given notice pursuant to T.R.C.P. Rule 193.7 of Plaintiff's intent to offer any and all documents produced by Defendants in response to any discovery request as evidence in any pretrial proceeding or at trial.

## PRAYER

***WHEREFORE, PREMISES CONSIDERED***, Plaintiff prays that Defendants be cited to appear and answer herein and that on final trial Plaintiff have judgment against Defendants for:

1) damages in an amount in excess of the jurisdictional limits of the Court to be determined by the jury in its sole discretion;
2) pre-judgment interest at the highest rate allowed by law;
3) post-judgment interest at the highest rate allowed by law;
4) costs of Court; and
5) such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THOMAS N. THURLOW & ASSOCIATES, P.C.**

BY: */s/ Thomas N. Thurlow*
THOMAS N. THURLOW
TBA#: 20003000
Woodway Tower
4900 Woodway Drive, Suite 1040
Houston, Texas  77056
TEL:  (713) 224-6774
FAX:  (713) 237-1408
EMAIL: lcastillo@thurlowlaw.com

**ATTORNEY FOR PLAINTIFF**